UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH TODD DUNLAP, et al., | Case No. 2:19-CV-189 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| DOMINIC AMATO, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Joseph Todd Dunlap and Mona Dunlap's (collectively "the Dunlaps") motion to remand. (ECF No. 9). Defendants Track Marine Group; Tracker Marine LLC; and Tracker Marine Retail, LLC (collectively "Tracker") filed a response (ECF No. 12), to which the Dunlaps replied (ECF No. 17).

Also before the court is Tracker's motion for leave to file surreply. (ECF No. 25).

**I.  Facts**

This action arises from an alleged boating injury that took place at Lake Mead in Clark County, Nevada. (ECF No. 1-2 at 11).

In September 2016, Mr. Dunlap traveled from his home in Oregon to Nevada to participate in the three-day WON Bass Pro/Am fishing tournament ("Tournament") held on September 12–14, 2016, at Lake Mead. *Id*. Mr. Dunlap and defendant Dominic Amato ("Amato") competed together in the Tournament with a boat that Amato owned and operated. *Id*. Tracker and defendant White River Marine Group ("White River") designed, manufactured, and distributed the boat. *Id*. at 12.

On September 13, 2016, the winds at Lake Mead were approximately thirty-five to forty miles per hour ("mph"), with gusts up to fifty mph. *Id*. The high winds caused four to six-foot

waves. *Id*. At approximately 2:45 p.m., Mr. Dunlap and Amato prepared to return to the dock to weigh their fish. *Id*. at 13. Amato became worried that the two would not meet the Tournament deadline to weigh their fish, so he began driving the boat at a high rate of speed. *Id*. Mr. Dunlap allegedly asked and then demanded Amato to slow down, but Amato refused. *Id*.

Mr. Dunlap alleges that because of the weather conditions, the boat's high rate of speed, and the boat's allegedly flawed safety handles, he was thrown out of his seat, into the air, and back down onto his seat. *Id*. As a result, Mr. Dunlap suffered an anterior compression fracture located at L-2 vertebra of his spine. *Id*. at 15.

The Dunlaps filed a complaint in state court alleging negligence, gross negligence, negligence per se, strict products liability, intentional infliction of emotional distress, negligent infliction of emotional distress, and loss of consortium. *Id*. at 16–21. On February 1, 2019, Tracker removed the case to federal court based on both diversity jurisdiction and federal question jurisdiction. (ECF No. 1). Now, the Dunlaps move to remand and Tracker moves for leave to file surreply. (ECF Nos. 9, 25-1).

## II. Legal Standard

### a. Motion for leave to file surreply

Local Rule LR 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b). "[M]otions for leave to file a surreply are discouraged." *Id*. Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . ." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357 at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013)). Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783 at *8 (D. Ariz. 2010) (collecting cases).

### b. Remand

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III.    Discussion**

*a.   Motion to leave to file surreply*

Tracker asserts that the court should grant leave to file a surreply because the Dunlaps argue for the first time in their reply that there are "no substantial federal issues" in this case. (ECF Nos. 17 at 6, 25-1 at 3). Because "motions for leave to file a surreply are discouraged[,]" the court will deny Tracker's motion. LR 7-2(b). The court will also disregard any arguments the Dunlaps raised for the first time in their reply. *See United States v. Wright*, 215 F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider arguments a party raised for the first time in a reply). Therefore, the court denies Tracker's motion to leave to file surreply.

James C. Mahan
U.S. District Judge

- 3 -

*b. Motion to remand*

The Dunlaps move to remand, arguing that the court does not have subject matter jurisdiction pursuant to either diversity jurisdiction or federal question jurisdiction. (ECF No. 9). The court will address both arguments in turn.

*i. Diversity jurisdiction*

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). However, the forum defendant rule confines removal based on diversity jurisdiction to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

Because Amato is a citizen of Nevada and the Dunlaps filed this action in Nevada state court, the forum defendant rule bars Tracker from removing this action to federal court. (ECF No. 1-2 at 8–9). Thus, the court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

*ii. Federal question jurisdiction*

Only "state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). While federal question jurisdiction "is governed by the 'well-pleaded complaint rule,'" federal question jurisdiction also exists over tort claims that arise on federal enclaves. *Id*. (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S. Ct. 96, 81 L.Ed. 70 (1936)); *Durham*, 445 F.3d at 1250 (citing *Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (per curiam); *see also Mater v. Holley*, 200 F.2d 123, 125 (5th Cir. 1952)); 28 U.S.C. § 1331. Federal enclaves exist where property is "purchased by the Consent of the Legislature of the State . . . for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings[.]" U.S. Const. art. I, § 8, cl. 17.

The Ninth Circuit, as well as this district, has recognized Lake Mead as a federal enclave. *United States. v. Reed*, 734 F.3d 881, 885 (9th Cir. 2013) ("Lake Mead National Recreation Area is federally owned"); *United States v. Seitles*, No. 2:04-cv-00408-KJD-PAL, 2006 WL 1367374

at *2 (D. Nev. May 12, 2006) ("federal enclaves, such as [] Lake Mead"); *see generally Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 881 F.3d 1078, 1094–95 (9th Cir. 2018) (reiterating that Lake Mead is a federal enclave (citing *Reed*, 734 F.3d at 884–93)). Thus, because the Dunlaps' state tort claims arose on Lake Mead, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Tracker's motion for leave to file surreply (ECF No. 25) be, and the same hereby is, DENIED.

IT IS FURTHERED ORDERED that the Dunlaps' motion to remand (ECF No. 9) be, and the same hereby is, DENIED.

DATED July 3, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -