Sarah J. Odia
Nevada Bar No. 11053
sjo@paynefears.com
PAYNE & FEARS LLP
6385 S. Rainbow Blvd., Suite 220
Las Vegas, Nevada 89118
Telephone: (702) 851-0300
Facsimile: (702) 851-0315

Christina M. Paul
*pro hac vice* admitted
K&L GATES LLP
200 S. Biscayne Blvd., Ste. 3900
Miami, FL 33131
Telephone: (305) 539-3316
Facsimile: (305) 358-7095

Attorneys for Defendants and Cross-Defendants
WHITE RIVER MARINE GROUP, TRACKER
MARINE GROUP, TRACKER MARINE, LLC,
AND TRACKER MARINE RETAIL, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH TODD DUNLAP, an individual, MONA DUNLAP, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINIC AMATO, an individual, WHITE RIVER MARINE GROUP, a Missouri business entity, TRACKER MARINE GROUP, a Missouri business entity, TRACKER MARINE LLC, a Missouri limited liability company, TRACKER MARINE RETAIL, LLC, a Delaware limited liability company, DOES 1 through X, inclusive, and ROE CORPORATIONS 1 through X, inclusive, and ROE LIMITED LIABILITY COMPANIES 1 through X, inclusive,<br><br>Defendants.<br><br>DOMINIC AMATO,<br><br>Cross-Complainant,<br><br>v. | Case No.: 2:19-cv-00189-JCM-BNW<br><br>**JOINT STIPULATED AGREEMENT GOVERNING THE PROTECTION AND USE OF CONFIDENTIAL INFORMATION** |

| 1 | WHITE RIVER MARINE GROUP, TRACKER MARINE GROUP, TRACKER MARINE, LLC, AND TRACKER MARINE RETAIL, LLC, |
| 2 | |
| 3 | Cross-Defendants. |

The parties enter this Joint Stipulated Agreement Governing the Protection and Use of Confidential Information (the "Agreement") to preserve the confidentiality of certain materials. The parties hereby stipulate that a Protective Order may be entered by this Court as follows:

1. All documents and information produced by the parties in this action shall be used by any party receiving them solely for the purposes of preparing for and conducting the above-captioned litigation, including any appeals therefrom, and not for any other purpose whatsoever.

2. The term "Confidential," for purposes of this Agreement, shall mean any information, document or thing so designated by any party to this litigation or any third party producing information, documents or things in this litigation, including (without limitation) documents, information contained in documents or other media (including any form of optical or magnetic storage media), and information revealed during a deposition, in response to a subpoena, or in an interrogatory answer or an admission. The designation of "Confidential" may be placed on documents and information which are a trade secret, confidential business information, proprietary information, and/or personal information. The term "documents" shall include any hard copy documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, electronic mail ("e-mail"), text messages, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. The Designations shall be as follows:

    (a) Written information or documents, or any portion thereof, shall be designated as "Confidential" by placing on each page a stamp or notice stating "CONFIDENTIAL" in a manner

-2-

that will not interfere with the legibility of the written information.

        (b)     Interrogatory responses containing "Confidential" information shall be set forth on separate pages from interrogatory responses which do not contain such information and all pages of interrogatory responses containing "Confidential" shall be produced in a separate package from interrogatory responses which do not contain such information.

        (c)     Documents produced, filed, or served by a party and designated "Confidential" shall be so marked by such party prior to or at the time they are produced, filed, or served. Documents produced by a third party as to which a "Confidential" designation is claimed by any person shall be so designated within ten days after they are produced, and shall be treated as "Confidential" during the intervening time.

4.     Information disclosed at a deposition may be designated as "Confidential" by a statement on the record that the testimony, or part of the testimony, is "Confidential" and subject to the provisions of this Agreement. In addition, the transcript of such a deposition and all information exchanged in such a deposition shall be considered "Confidential" for a period of ten days after receipt of the deposition transcript. During those ten days, any party may designate any additional portion or the entire transcript as "Confidential" and all other persons given notice of the designation shall treat the information accordingly.

5.     Use of the confidential information shall be as follows:

        (a)     Documents and/or information designated as "Confidential" shall be used only for purposes of this litigation and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

              (i)     Attorneys representing a Party to the action, and the employees of such attorneys or their law firms, but only for the purposes set forth in this Agreement;

              (ii)    Outside legal counsel for the parties involved in this litigation, and

such legal counsels' staff;

    (iii) The Court, Court personnel and, if the Court so elects, any other person designated by the Court as a Qualified Person after notice and hearing of the Parties;

    (iv) Agents, independent contractors, consultants, advisors, or experts consulted by or on behalf of any of the Parties, but only for the purposes set forth in this Agreement, and only if said persons sign a document in the form of Attachment A agreeing to be bound by the terms of this Agreement (such signed document to be maintained by counsel for the receiving party);

    (v) Employees of third-party contractors engaged by outside legal counsel and involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data in connection with this litigation, including providing computerized litigation support;

    (vi) The Parties hereto, but only for the purposes set forth in this Agreement;

    (vii) An expert hired by a party for the purpose of giving advice or testimony and agrees to be bound by this Agreement and use the information for the purposes of this litigation only;

    (viii) Court reporters employed in connection with this action; and

    (ix) In-house counsel for Defendants may be permitted by their counsel to view documents marked by an opposing party as "Confidential" only in connection with preparation for or at a discovery matter, deposition, hearing, trial, litigation related matter, appeal matter or settlement conference. These individuals shall not be permitted to retain a copy of any such document or information *at the conclusion of the litigation*, including any copies or notes regarding such documents or information, and *during the pendency of this litigation*, the documents shall be viewed and information used for purposes of this litigation only.

  (b) Only outside counsel of record in this action may authorize the access to or

disclosure of any documents or information designated as "Confidential" to any person authorized to have access to such information pursuant to paragraph 5(a), and each such person to whom any such information is disclosed or made available may be permitted by their counsel to view documents marked by an opposing party as "Confidential" only in connection with preparation for or at a discovery matter, deposition, hearing, trial, litigation related matter, appeal matter or settlement conference. These individuals shall not be permitted to retain a copy of any such document or information *at the conclusion of the litigation*, including any copies or notes regarding such documents or information, and *during the pendency of this litigation*, the documents shall be viewed and information used for purposes of this litigation only.

    (c)    The obligations set forth herein extend to, but are not limited to, copies, summaries, extracts, paraphrases and notes made by any person to whom such documents designated as "Confidential" are disclosed pursuant to this Agreement.

6.    To the extent that any "Confidential" documents and/or information are produced without being designated as such, that disclosure shall be deemed an inadvertent disclosure. Upon the request of any party for proper designation of an improperly designated or non-designated document, all copies of the document shall be marked with the proper designation and the document shall be retrieved by outside counsel from any person who would not have been allowed access to the document if it had been properly designated.

7.    No party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need. If a party wishes to file any documents and/or information designated "Confidential" with the Court, it shall advise the party claiming confidentiality that is wishes to file said documents and in the meantime shall do everything necessary to ensure that such information is impounded, kept under seal, and unavailable to the public, including observing all requirements of any applicable local rules. The party wishing

to file documents and/or information designated as "Confidential" shall immediately file a motion to seal with the Court that 1) sets forth the factual and legal basis for departing from the policy that Court filings be public; 2) describes the documents and/or information proposed to be filed under seal with as much particularity as possible; and 3) specifies the proposed duration of the requested sealing. All "Confidential" documents and/or information proposed to be filed under seal shall be filed separately in a plain envelope affixed with the following statement:

**SEALED DOCUMENT**

**JOSEPH TODD DUNLAP, et. al., v. DOMINIC AMATO, et. al.,
Case No.: 2:19-cv-00189-JCM-PAL.**

If a document or thing produced cannot conveniently be marked as required by this Agreement, the parties shall confer and agree in writing on an appropriate method of marking or otherwise identifying as "Confidential" such document or thing. The party claiming confidentiality shall notify the Clerk that what has been filed should be accorded the treatment required by this Agreement.

8. Within sixty (60) days after the conclusion of this litigation, including all appeals, any "Confidential" documents and/or information, including copies and originals (except documents in the files of the Court, and except for documents retained in counsel's files, which will continue to be subject to the provisions of this Agreement, and which were filed in Court, or marked as exhibits at depositions, at trial, or in affidavits, or which contain work product) shall, at the election of the party who designated the documents and/or information "Confidential" be certified as destroyed, or returned to the designating party at the designating party's expense.

9. Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any "Confidential" documents and/or information shall relieve any person from the obligation of maintaining the confidentiality of such information and/or documents.

10. Nothing in this Agreement shall prohibit the use of, or reference to, any

"Confidential" documents and/or information in Court or at trial; provided, however, that the party using or planning to use such documents and/or information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure. Such steps shall include bringing to the Court's attention the intention to disclose "Confidential" documents and/or information in open court and requesting the assistance of the Court in limiting disclosure. Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of "Confidential" documents and/or information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

11. Nothing in this Agreement shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of "Confidential" documents and/or information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any "Confidential" documents except as allowed by paragraph 5 above.

12. Challenging the designations:

(a) No party concedes that any document or information designated "Confidential" by any other person does in fact contain or reflect confidential, sensitive, or proprietary business or personal information, or has been properly designated "Confidential".

(b) A party shall not be obligated to challenge the propriety of the designation of documents or information as "Confidential" at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof.

(c) Any party may move for a ruling that a document or category of documents designated as "Confidential" is or is not entitled to such status and protection, but the document or category of documents shall be treated as so designated until such time as the designating party may agree otherwise, or as the Court may otherwise order. The party who wishes to challenge the

"Confidential" designation shall bear the burden of showing that the designation is unwarranted. Such a motion may be filed ten days after a party serves a written request for modification upon the party who made the designation.

(d) Nothing in this Agreement shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

13. The parties bound by this Agreement understand and agree that money damages would not be an adequate remedy for any breach, threatened breach or violation of the content or spirit of this Agreement ("Agreement Breach") and that any of the parties shall be entitled to seek immediate injunctive relief or other equitable remedies for any such Agreement Breach. Such remedies shall not be deemed to be the exclusive remedy for any Agreement Breach, but shall be in addition to other remedies available, whether in law or in equity, including actual damages from such Agreement Breach. Further, the prevailing party in any action brought as a result of an Agreement Breach shall be entitled to all enforcement costs, including attorney's fees and costs that are incurred by such a party, and the collection of damages directly resulting from the Agreement Breach.

Dated November 14, 2019                                    K&L GATES LLP

                                                           */s/ Christina Paul*

                                                           Christina Paul, Esq.
                                                           200 South Biscayne Blvd., Ste. 3900
                                                           Miami, FL 33131-2399
                                                           Attorneys for Defendants and
                                                           Cross-Defendants

Dated November 14, 2019                                    GIBSON ROBB & LINDH LLP

                                                           */s/ Chelsea Yuan*

                                                           Chelsea Yuan, Esq.
                                                           201 Mission Street, Ste. 2700
                                                           San Francisco, CA 94105
                                                           Attorneys for Defendant
                                                           Dominic Amato

-8-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

Dated November 14, 2019                                    STONER GRANNIS LLP

*/s/ William Stoner*

William Stoner, Esq.
One Wilshire Building
624 South Grand Avenue, Ste. 2200
Los Angeles, CA 90017
Attorneys for Plaintiffs

## **ORDER**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED THAT the terms of the Protective Order as described in the Joint Stipulation between the Parties described above shall be entered as the Order of the Court and shall be binding upon the Parties and signatories to Exhibit A.

**IT IS SO ORDERED.**

DATED: 11/15/2019                          _____
                                                                    UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH TODD DUNLAP, an individual, MONA DUNLAP, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINIC AMATO, an individual, WHITE RIVER MARINE GROUP, a Missouri business entity, TRACKER MARINE GROUP, a Missouri business entity, TRACKER MARINE LLC, a Missouri limited liability company, TRACKER MARINE RETAIL, LLC, a Delaware limited liability company, DOES 1 through X, inclusive, and ROE CORPORATIONS 1 through X, inclusive, and ROE LIMITED LIABILITY COMPANIES 1 through X, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-00189-JCM-BNW<br><br>**AGREEMENT REGARDING CONFIDENTIAL INFORMATION** |
| DOMINIC AMATO,<br><br>Cross-Complainant,<br><br>v.<br><br>WHITE RIVER MARINE GROUP, TRACKER MARINE GROUP, TRACKER MARINE, LLC, AND TRACKER MARINE RETAIL, LLC,<br><br>Cross-Defendants. | |

I, _____, hereby affirm that: Information including documents and things designated as "Confidential" as defined in the Joint Stipulated Agreement Governing the Protection and Use of Confidential Information (the "Agreement") entered in the above-captioned action are being provided to me pursuant to the terms and restrictions in the Agreement.

I have been given a copy of and have read the Agreement.

/ / /

I am familiar with the terms of the Agreement and I agree to comply with, and be bound by, such terms.

I submit to the jurisdiction of this Court for enforcement of the Agreement.

I agree not to use any Confidential information disclosed to me pursuant to the Agreement except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by the Agreement, without the express written consent of the party who has designated such information as "Confidential" or by order of the Court.

Dated: _____     Signature: _____

                                                               Name: _____

                                                               Address: _____

                                                                                _____

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300